1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAMPSON, | CASE NO. CV-F-07-0034 OWW DLB P |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AN AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE BY THE COURT IN THIS ORDER |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | (Doc. 1) |

I.  Screening Order

   A.  Screening Requirement

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 8, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

1

which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B.  Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at Tehachapi Correctional Facility. Plaintiff names the Director of the California Department of Corrections; Warden W.J. Sullivan; Assignment Lieutenant Lara; Chief Medical Doctor Tate; Correctional Kitchen Officer Frye; Correctional Kitchen Duty Officer Bomeo; and Food Service Supervisor King. Plaintiff is seeking monetary damages.

Plaintiff alleges that on January 14, 1993, he was forced to undergo surgery on his left hand as a result of a gunshot wound. Subsequently, plaintiff was been assigned to random job duties throughout the facility.

On January 21, 2006, plaintiff was given a light duty chrono due to restrictions resulting from his hand injury. On March 8, 2006, Plaintiff was given a medical chrono restricting him from repetitive use of his left hand. Plaintiff alleges that despite knowledge of his medical chronos, defendants Frye, Bomeo and King required him to perform kitchen duties that caused him extreme pain.

### C.  Section 1983 Claims

#### 1.  Medical Claim

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms,

"sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Id.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Plaintiff's allegations are sufficient to give rise to a claim under section 1983 against defendants Frye, Bomeo and King for deliberate indifference to a serious medical need, in violation of the Eighth Amendment.

2.  Claims Against Supervisory Personnel

Supervisory personnel such as the Director of the Department of Corrections, Warden Sullivan, Lieutenant Lara, and Chief Medical Dr. Tate are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed

1  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th
2  Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).
3  To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some
4  facts indicating that supervisory defendants either: personally participated in the alleged deprivation
5  of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or
6  "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and
7  is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir.
8  1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although
9  federal pleading standards are broad, some facts must be alleged to support claims under section
10 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

11     Plaintiff has not alleged any facts indicating that these supervisory defendants personally
12 participated in the alleged deprivation of constitutional rights; knew of the violations and failed to
13 act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is
14 a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"
15 Hansen v. Black at 646.

16     D.    Conclusion

17     The court finds that plaintiff's complaint contains cognizable claims for relief under section
18 1983 against defendants Frye, Bomeo and King for violation of the Eighth Amendment.  However,
19 the court finds that plaintiff's complaint does not contain any other claims upon which relief may
20 be granted under section 1983.  The court will provide plaintiff with the opportunity to file an
21 amended complaint, if plaintiff wishes to do so.

22     If plaintiff does not wish to file an amended complaint and wishes to proceed against
23 defendants Frye, Bomeo and King on his Eighth Amendment claims only, plaintiff may so notify the
24 court in writing.  The court will then issue Findings and Recommendations recommending that the
25 remaining claims and defendants be dismissed from this action, and will forward plaintiff two
26 summonses and two USM-285 forms to fill out and return to the court.  Upon receipt of these
27 documents, the court will direct the United States Marshal to initiate service of process on
28 defendants Frye, Bomeo and King.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Frye, Bomeo and King on his Eighth Amendment claims; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **October 22, 2007**                      **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE