# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SAMPSON, | CASE NO.: 1:07-cv-0034 OWW DLB P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO VACATE AND REENTER JUDGMENT |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 15) |
| Defendants. | |

This action was dismissed on March 10, 2008 for Plaintiff's failure to obey a court order. On February 3, 2009, Plaintiff, a state prisoner who was proceeding pro se, filed a motion to vacate and reenter judgment. (Doc.15.). Because Plaintiff is incarcerated, this motion shall be submitted upon the record without oral argument. Local Rule 78-230(m).

Plaintiff asserts that he never received the notice of judgment and he only learned of his case being closed when he called the Clerk of the Court to inquire into its status.[1] Plaintiff requests that the Court vacate its judgment and reenter it in order to restart the appeal period. Plaintiff cites to Rule 77 of the Federal Rules of Civil Procedure, and Hill v. Hawes, 320 U.S. 520, 64 S.Ct. 334, 88 L. Ed. 283 (1944) in support of his motion.

///

---

[1] The court docket contains an entry noting service by mail upon Plaintiff of both the Clerk's Judgment [14] and the Order Adopting the Findings and Recommendations [13] on March 10, 2008.

1

1      In <u>Hill</u>, the Clerk of the Court failed to notify the litigant of the judgment and the litigant
2  failed to timely file a notice of appeal. The Supreme Court held that the District Court acted properly
3  in vacating the judgment and entering a new judgment, of which notice was sent, and from which
4  an appeal was taken.  However, the Supreme Court's ruling in <u>Hill</u> has since been superceded by
5  statute.  Rule 77(d) now provides in pertinent part that:

> Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)...Lack of notice of the entry does not affect the time for appeal or relieve — or authorize the court to relieve — a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure (4)(a).

In the Advisory Notes, the Advisory Committee on Rules states:

> Rule 77(d) has been amended to avoid such situations as the one arising in Hill v Hawes...the effect of the decision in Hill v Hawes is to give the district court power, in its discretion and without time limit, and long after the term may have expired, to vacate a judgment and reenter it for the purpose of reviving the right of appeal.  This seriously affects the finality of judgments...Rule 77(d) as amended makes it clear that notification by the clerk of the entry of a judgment has nothing to do with the starting of the time for appeal; that time starts to run from the date of entry of judgment and not from the date of notice of the entry. Notification by the clerk is merely for the convenience of litigants. And lack of such notification in itself has no effect upon the time for appeal...It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment.
> 
>              Notes of Advisory Committee on 1946 Amendments to Rules.

Plaintiff's reliance on <u>Hill</u> is misguided.  Moreover, the Ninth Circuit has held that "the plain language of both Fed. R. App. P. 4(a)(6) and Fed. R. Civ. P. 77(d) addresses specifically the problem of lack of notice of a final judgment...Rule 4(a) and Rule 77(d) form a tessellated scheme." <u>In re Stein</u>, 197 F.3d 421, 425-6. (9th Cir. 1999).

Rule 4(a)(6) of the Federal Rules of Appellate Procedure states:

> **Reopening the Time to File an Appeal.** The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

1  (C) the court finds that no party would be prejudiced.

2  Plaintiff fails to satisfy the above conditions under Rule 4(a)(6) because his motion is
untimely.  Judgment was entered on March 10, 2008.  Assuming for the sake of argument that
Plaintiff never received notice under Fed. R. Civ. P. 77(d),  Plaintiff did not file this instant
motion until February 3, 2009, well in excess of 180 days.  The time periods in Rule 4(a)(6) are
jurisdictional and therefore the court has no authority to grant any extension.  Vahan v. Shalala,
30 F3d 102, 103(9th Cir. 1994) (per curiam).  (See also In Re Stein, supra, at 425 (holding that
district courts do not have discretion to grant motions for extensions to reopen the period for
appeal if the motions are filed outside the period prescribed in Rule 4(a)(6), even if the appellant
did not receive notice of a final judgment until after the period had expired.)).

Accordingly, Plaintiff's motion to vacate and reenter judgment, filed February 3, 2009, is
HEREBY ORDERED DENIED.

IT IS SO ORDERED.

**Dated:   March 4, 2009**            /s/ Oliver W. Wanger
                                                             UNITED STATES DISTRICT JUDGE